**Lillie M. MIDDLEBROOKS, Appellant**

v.

**GODWIN CORPORATION, et al., Appellees.**

**No. 10–7089.**

United States Court of Appeals, District of Columbia Circuit.

July 6, 2011.

Lillie M. Middlebrooks, Annandale, VA, pro se.

Virginia Ellen Robinson, John Francis Scalia, Esquire, Matthew Harrold Sorensen, Greenberg Traurig, LLP, McLean, VA, Todd Sunhwae Kim, Donna M. Murasky, Esquire, Irvin B. Nathan, Mary Larkin Wilson, Office of the Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellees.

BEFORE: TATEL, GARLAND, and BROWN, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed June 25, 2010, be affirmed. The district court correctly dismissed appellant's federal claims be-

cause she failed to state a claim under 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Even when appellant's complaint and other filings are viewed in the light most favorable to her, and even when all reasonable inferences are drawn in her favor, she alleged no facts supporting an inference that she was a victim of discrimination, retaliation, or a hostile work environment based on race or color. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Appellant has not alleged facts to support diversity jurisdiction over her remaining claims. "[T]he party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Loughlin v. United States,* 393 F.3d 155, 171 (D.C.Cir.2004) (internal quotation marks omitted). And given the dismissal of appellant's federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over her remaining claims. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

In addition, the court will not consider appellant's argument that the district court erred in setting aside the default against appellees Godwin Corporation and its employee Janice Williams, because appellant failed to file an opposition to the motion to set aside the default and did not seek reconsideration of the order setting aside the default. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084 (D.C.Cir.1984).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-hearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.